UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ADRIANA VILLEGAS,<br>    *Plaintiff*,<br>v.<br><br>FRANK BISIGNANO, COMMISSIONER<br>OF THE SOCIAL SECURITY<br>ADMINISTRATION,[1]<br>    *Defendant*. | §<br>§<br>§<br>§    EP-24-CV-00260-MAT<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Adriana Villegas ("Plaintiff") appeals from a decision of the Commissioner of the Social Security Administration ("Defendant") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. On March 21, 2025, upon consent of both parties, United States District Judge Leon Schydlower assigned this case to the undersigned for a memorandum opinion and order pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Rules of the United States District Court for the Western District of Texas. For the following reasons, the Court **ORDERS** that the Commissioner's decision be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

**I.   BACKGROUND & PROCEDURAL HISTORY**

On August 12, 2021, Villegas applied for disability insurance benefits. Tr. of Admin. R. [hereinafter, "Tr."] at 53, ECF No. 4-2. She alleged disability beginning June 10, 2021, due to back, shoulder, and foot pain. *See id.* At the time of the application, Villegas was 57 years old. *Id.* She has a high school education and prior work experience as an auto parts clerk. *Id.* at 41, 233.

---

[1] Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, "Frank Bisignano, Commissioner of the Social Security Administration" should be substituted as the defendant in this suit.

On April 5, 2022, Plaintiff's disability claims were denied, and again upon reconsideration on February 6, 2023. *Id.* at 51–59; 60–68. Administrative Law Judge ("ALJ") Michael Leppala held a telephonic hearing on October 24, 2023, and later issued a decision denying Plaintiff's claims on November 7, 2023. *Id.* at 22–28. Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council on May 2, 2024. *Id.* at 1–3. The ALJ's decision became the final decision of the Commissioner at that time.[2] Plaintiff now seeks judicial review of the decision.

On July 29, 2024, Villegas brought this action seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). On October 10, 2024, Villegas filed her opening brief, requesting that the Court vacate the Commissioner's decision and remand her claims for further administrative proceedings. Pl.'s Br. at 14, ECF No. 6. On November 27, 2024, the Commissioner filed a response to Villegas's brief, requesting that the Court affirm the Commissioner's decision. Br. in Supp. Of Comm'r's Decision at 9 [hereinafter "Def.'s Resp."], ECF No. 7. Villegas did not file a reply brief.

## II.   DISCUSSION

### A.   <u>Standard of Review</u>

Judicial review, under 42 U.S.C. § 405(g), of the Commissioner's decision denying social security benefits is "highly deferential." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). Review is limited to a determination of whether (1) the Commissioner's final decision is supported by substantial evidence on the record and (2) the Commissioner applied the proper legal standards. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

---

[2] *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) ("The ALJ's decision thus became the Commissioner's final and official decision when the Appeals Council denied [the claimant's] request for review on the merits.").

2

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). In applying the "substantial evidence" standard, "the court scrutinizes the record to determine whether such evidence is present," *Sun*, 793 F.3d at 508, but it may not "try the issues *de novo*" or "reweigh the evidence." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). "[N]or, in the event of evidentiary conflict or uncertainty," may the court substitute its judgment for the Commissioner's, "even if [it] believe[s] the evidence weighs against the Commissioner's decision." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Sun*, 793 F.3d at 508. "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016).

Generally, "[w]here . . . the Secretary has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial." *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989). However, even if the ALJ commits legal error, "remand is warranted only if the . . . error was harmful." *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (per curiam) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–08 (2009)); *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected."). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556

(5th Cir. 2021). Furthermore, it is plaintiff's burden to show prejudice or harm from the error. *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012).

B. **The ALJ's Evaluation Process**

Eligibility for disability insurance benefits on the basis of disability requires that the claimant be "disabled" within the meaning of the Social Security Act. 42 U.S.C. §§ 423(a)(1)(E), 1382(a). Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 416(i).

In evaluating a disability claim, the ALJ follows a five-step sequential process to determine whether: (1) the claimant is presently engaged in substantial gainful employment; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or medically equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from performing other substantial gainful activity. 20 C.F.R. § 404.1520(a)(4); *Salmond*, 892 F.3d at 817.

Between steps three and four, the ALJ determines the claimant's "residual functional capacity" ("RFC"). 20 C.F.R. § 404.1520(e). The RFC "is the most [the claimant] can still do despite [their] limitations." *Id.* § 404.1545(a)(1). The ALJ determines the RFC by examining "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3). When using medical opinions as evidence, the ALJ must assess the persuasiveness of such evidence in her opinion. *Id.* § 404.1520c(a). Persuasiveness is based on several factors that the ALJ must consider, but the ALJ is only required to articulate "supportability" and "consistency" in her decision. *Id.* §

4

404.1520c(b)(2). The ALJ then uses the claimant's RFC in making determinations at steps four and five. *Id.* § 404.1520(e).

"The burden of proof is on the claimant at the first four steps." *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017). If the claimant meets this burden, at step five the burden shifts to the Commissioner "to show that there is other substantial gainful employment available that the claimant is capable of performing." *Fraga v. Bowen*, 810 F.2d 1296, 1301–02 (5th Cir. 1987). If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* at 1302. A determination at any step that the claimant is or is not disabled "ends the inquiry." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021); *see* 20 C.F.R. §404.1520(a)(4).

C. **The ALJ's Findings**

Here, ALJ Leppala evaluated Villegas's claims pursuant to the above-mentioned five-step sequential evaluation process. At step one, the ALJ found that Villegas had not engaged in substantial gainful activity since June 10, 2021, her alleged disability onset date. Tr. at 24. At step two, the ALJ found that Plaintiff had the following severe impairments: congenital fusion of C7 and T1 vertebral bodies, mild to moderate cervical spondylosis, and right convex scoliosis centered at T9 level with compensatory left convex lower cervical curvature. *Id.* At step three, the ALJ concluded that Villegas's impairments alone or in combination, did not meet or equal the severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 25. The ALJ also noted that June 2021 images showed degeneration in the shoulders, cervical spine, and thoracic spine but that the images were negative for spinal cord compression, syrinx, or myelomalacia. *Id.* The ALJ continued that there was no documented medical need for any assistive device and no inability

5

to use on or both upper extremities to independently initiate, sustain, and complete work related activities involving fine and gross movements. *Id.*

Next, before going to step four, the ALJ determined that Villegas retained the RFC to perform "light work" as defined in 20 C.F.R. 404.1567(b) except with the following restrictions: she is capable of occasionally lifting and/or carrying 20 pounds, frequently lifting and/or carrying ten pounds, standing and/or walking for about six hours in an eight-hour workday, all with normal breaks. *Id*. And further limiting her to occasionally climbing ramps, stairs, ladders, ropes, or scaffolds and occasionally stopping, kneeling, crouching, and crawling. *Id.*

At step four, the ALJ found, by comparing Villegas's RFC with the physical and mental demands of her past relevant work as an auto parts clerk, that Villegas is capable of performing her past relevant work as it is generally performed. *Id.* at 27. The ALJ noted that the vocational expert stated that a person of Villegas's age, education, work experience, and residual functional capacity could perform the job of auto parts clerk as it is generally performed in the national economy (light work) but not as Villegas actually performed it (medium work). *Id.*; *see* 20 C.F.R. § 404.1567. Therefore, the ALJ concluded that Villegas was not disabled under the Social Security Act from June 10, 2021 (her alleged disability onset date) through November 7, 2023 (the date of the ALJ's decision). *Id.* at 27-28.

**D.**   **Analysis**

On appeal, Plaintiff presents one issue for the Court. Plaintiff alleges that the ALJ erred as a matter of law because he failed to evaluate the credibility of Villegas's sworn hearing testimony. Pl.'s Br. at 5, 7. The Court addresses this argument below.

   *1.*   **Consideration and Evaluation of Hearing Testimony**

In determining a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence" including the claimant's own "descriptions and observations of [her] limitations from [her] impairment(s), including limitations that result from [her] symptoms, such as pain." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ is required to "evaluate the intensity and persistence of [her] symptoms," considering "all of the available evidence, including [her] medical history, the medical signs and laboratory findings, and statements about how [her] symptoms affect her." *Id.* §§404.1529(c), 416.945(c). Social Security Ruling (SSR) 16-3p, a sub-regulatory policy, explains that ALJs will assess whether the "individual's statements about the intensity, persistence, and limiting effect of symptoms are consistent with the objective medical evidence and other evidence of record." Social Security Ruling 16–3p (SSR 16-3p); Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166, 14170 (Mar. 16, 2016) (superseding SSR 96-7p, 1996 WL 374186 (July 2, 1996), which governed evaluation of symptoms and "credibility" of an individual's statements).

Here, the ALJ found that although Villegas's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her "statements concerning the intensity, persistence, and limiting effect of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 26. The ALJ summarized that those statements "are inconsistent because the record does not support them." *Id.*

Villegas argues that the ALJ erred because he failed to evaluate[3] the credibility of Villegas's sworn hearing testimony. Pl.'s Br. at 5, 7, ECF No. 6. She argues that at the hearing she described various detailed statements about her symptoms and functional limitations that

---

[3] In SSA parlance, "evaluate" implies "a need to provide written analysis," whereas "consider" does not. Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5855–56, 2017 WL 168819 (SSA Jan. 18, 2017).

7

would have precluded her from performing work. *Id.* at 12. These include that she stopped working because of injuries including her back, shoulder, and foot pain; that her shoulder, hips, and feet hurt the most; that she struggles with dressing herself and cannot lift or get herself up from bed; that she struggles to put on pants; that her foot hurts whenever she puts pressure or weight on it; and that she cannot lift a gallon of milk on her own and that doing so hurts her shoulders. *Id.* (citing Tr. at 41-43, 45, 48-49).

The Commissioner argues that the ALJ did perform a thorough subjective symptom analysis and explained the factors he considered in finding Plaintiff's subjective complaints not fully believable. Def. Br. ECF No. 7 at 2. They note that while the ALJ did not cite to Villegas's hearing testimony it did reference her disability application and function report and "because her statements in those materials *mirror her sworn hearing complaints*, Plaintiff's claim of reversible error in the ALJ repeatedly reciting her same subjective complaints lacks merit." Def.'s Resp. at 2 (emphasis added).

The Court does not agree with Villegas that the ALJ failed to evaluate her hearing testimony. In his decision, the ALJ acknowledged that Villegas's testimony at the hearing. Tr. at 22. Later, in the decision, the ALJ stated that he had considered "all the evidence." Tr. at 23. Specifically, in assessing Villegas's RFC, the ALJ urged that he "considered all symptoms and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." *Id.* at 25.

The Fifth Circuit has eschewed formalistic rules of articulation requiring ALJ's to note every piece of evidence that supported their decision and discuss rejected evidence. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). Simply because the ALJ did not specifically discuss

8

Villegas's testimony does not mean he did not consider them. *See Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010) ("The fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record."); *Castillo v. Barnhart*, 151 Fed. Appx. 334, 335 (5th Cir. 2005) (citing *Falco*, 27 F.3d at 163 (5th Cir. 1994)) ("That the ALJ did not specifically cite each and every piece of medical evidence considered does not establish an actual failure to consider the evidence.").

Villegas's hearing statements are largely cumulative of her written statements in the function report and disability statement that the ALJ expressly considered. For example, Villegas testified that she stopped working due to "back, shoulder, and foot pain," Tr. at 41, and the ALJ, citing to Villegas's disability determination form recounted her written allegations that she suffered from "back pain, shoulder pain, [and] foot pain." Tr. at 25 (citing Tr. at 53-59). Similarly, Villegas testified that she struggled to dress herself and in particular struggled with putting on pants, Tr. at 45, while the ALJ cited her function report that indicated her conditions affected her ability to "dress can't raise my arm to get dress or come hair [sic]." Tr. at 283. Additionally, Villegas testified that she struggled to lift or get herself up out of bed, Tr. at 45, yet the ALJ explained that Villegas claimed in her function report that "[i]t is hard to get up in the mornings." Tr. 25. Villegas testified that she struggled to lift a gallon of milk, Tr. at 49, while the ALJ wrote in his decision that Villegas alleged "[i]t is hard to lift a gallon of milk." Tr. at 25. Finally, Villegas testified that her foot hurts when she puts pressure on it, while the ALJ concurrently cited her function report that explained she struggled to walk at times "due to pain on bottom of foot." Tr. at 287. Thus, while the ALJ may not have specifically cited her hearing testimony, there is no question he considered the issues to which she testified.

The Commissioner may also consider evidence of participation in daily activities and chores along with other evidence in determining a claimant's disability status. *Casanova v. Astrue*, 327 F. App'x 464, 466 (5th Cir. 2009) (citing *Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995); *Reyes v. Sullivan*, 915 F.2d 151, 154-55 (5th Cir. 1990). A claimant's testimony must be consistent with the objective medical evidence and other available evidence. 20 C.F.R. § 404.1529. Villegas admits that the ALJ noted her report that she "can make all kinds of food, iron, clean and do laundry taking her time, drive a car, go out alone, shop in stores, manage money, and interact with others." Pl.'s Br. at 11 (citing Tr. at 25, 281-89). Villegas's extensive reported regular activities further refute her hearing testimony that she has "pain in her back, shoulder, hips and feet, which cause[] her to struggle in basic activities of daily living such as walking, putting pressure on her feet, and lifting relatively light weights, such as a gallon of milk." Pl.'s Br. at 14.

Throughout his decision, the ALJ noted the inconsistency in discounting Villegas's subjective symptom complaints. Tr. at 26. Villegas notes that the ALJ cited her reports of "trouble lifting, squatting, bending, standing, reaching, walking, kneeling, and climbing stairs." Pl.'s Br. at 11 (citing Tr. at 25.). However, in her function report, Villegas listed "work" as a place she visits "on a regular basis." Tr. at 286. Villegas also testified that she did not stop working at AutoZoners and was still working "three days a week" for "three hours-and-a-half or four." Tr. at 42. Villegas's ability to continue to perform her past relevant work although part-time, despite her subjective complaints further supports the ALJ's decision.

While an explicit mention of Villegas's testimony would have been helpful, the ALJ's omission in his decision does not require remand because Villegas's hearing testimony is largely cumulative of her subjective complaints in her function report, disability determination, and in medical evidence and other evidence that the ALJ expressly considered.

10

### III.  CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the decision of the Commissioner be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

**SIGNED** and **ENTERED** this <u>19th</u> day of September 2025.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**